UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TONY PRICE | CIVIL ACTION NO. 07-1114 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| WAL-MART STORES INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

This matter is before the Court on a Motion for Summary Judgment filed by the defendant, Wal-Mart Stores Inc. ("Wal-Mart"). [Doc. No. 9]. Plaintiff Tony Price ("Price") filed the instant suit against Wal-Mart alleging that he slipped and fell at the defendant's store. Wal-Mart's motion argues that Price cannot establish a *prima facie* claim for damages because he cannot prove that it had actual or constructive notice of the condition prior to the occurrence. For the reasons which follow, the Motion for Summary Judgment is **DENIED**.

**FACTUAL BACKGROUND**

The baseline facts are largely uncontested. On March 12, 2006, Price and his wife were in the check-out line at the register where tobacco products are sold at the Wal-Mart store located at 6235 Westport Avenue in Shreveport, Louisiana. As plaintiffs were preparing to check-out, Price allegedly slipped and fell on a dark liquid substance. The substance was a foot or less in diameter. The Prices did not notice anything on the floor prior to the fall. They do not know where the substance came from or know how long the substance had been on the floor. They do not recall any footprints or tracks in the substance on the floor

An Assistant Manager, Cindy Poellnitz ("Ms. Poellnitz"), received a call that a customer had slipped in the check-out line and responded within a few minutes of the accident. The spot where Price fell had not yet been cleaned: where Price fell had only one black mark in it there were no other footprints or track marks or shopping cart wheel tracks in the area. Poellnitz opined that the appearance of the spill indicated that it could not have been on the floor for more than a couple of minutes prior to the fall because that register is a high traffic area. After the fall, a Wal-Mart employee found a 16 ounce bottle of Coca-Cola on a shelf near where Price fell.

## LAW AND ANALYSIS

**A.    Summary Judgment Standard.**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. See Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511 (1986).

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id., 477 U.S. at 248, 106 S. Ct. at 2510.

With these principles in mind, we now turn to a review of the claims at issue.

**B.     Louisiana Revised Statute 9:2800.6.**

As this case is before this Court on diversity of citizenship subject matter jurisdiction, this Court, under Erie, is bound to apply Louisiana substantive law.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938).  Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident.  See Kennedy v. Wal-Mart Stores, Inc., 98-C-1939 (La. 4/13/99), 733 So.2d 1188.  Under section 2800.6(A), a merchant owes a duty to persons who use its premises to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition.  The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages.  See id.

Section 2800.6(B) sets forth the plaintiff's burden of proof "in a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises."  La. R.S. 9:2800.6(B).  In such cases, "the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)    The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3)    The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care."

La. R.S. 9:2800.6(B).  With respect to the second element above, i.e., whether the merchant had actual or constructive notice of the condition which allegedly caused the slip and fall, the definitions section of La. R.S. 9:2800.6 provides guidance:

> (C)(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1).

In Kennedy, the Louisiana Supreme Court stated that the phrase "such a period of time," as used in section 2800.6(C)(1), constitutes a temporal element that must be shown by a plaintiff in a slip and fall case.  See Kennedy, 733 So.2d at 1190.  Section 2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element.  See id. (*citing* White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So.2d 1081).  A plaintiff must make a positive showing of the existence of the condition prior to the fall.  See id.  The merchant who is sued, on the other hand, is not required to make a positive showing of the absence of the existence of the condition prior to the fall.  See id.

Although there is no bright line time period relative to the duration of the condition, there is imposed upon the plaintiff "a prerequisite showing of some time period." Kennedy, 733 So.2d at 1190-91.  The time period need not be specific in minutes or hours.  However, if a plaintiff merely shows that the condition existed, without any additional showing that it existed for "some" period of time, she has not satisfied her burden of proving constructive notice.  See id.

Wal-Mart contends that Price cannot establish actual or constructive notice because he testified in his deposition that he did not notice anything on the floor prior to his fall, he does not know where the substance came from or how long it was on the floor prior to his fall, and he cannot recall any footprints or tracks in the substance. [Doc. No. 9 at 4-5]. Additionally, the assistant manager testified that there were no other footprints or track marks in the area of the spill except the one black mark. Accordingly, she opined that the spill could not have been on the floor for more than a few minutes prior to the accident.[1]

Price contends that the surveillance video from the store shows that nothing was spilled onto the floor for at least 40 minutes prior to the fall. He contends that this indicates that the spill was already on the floor prior to the commencement of the tape. Plaintiff contends that this creates a genuine issue of fact with respect to constructive notice. The Court agrees. The videotape is not conclusive on the presence or absence of the spill or when it occurred; only the plaintiff's fall is captured.

What the video shows or does not show and the inferences which may be drawn therefrom are questions of material fact. Further, whether the period of time that the condition existed was sufficient to provide Wal-Mart with constructive notice is a fact question that must be submitted to a jury. See Bagley v. Albertsons, Inc., 492 F.3d 328 (5th Cir. 2007). Accordingly, the Motion for Summary Judgment must be denied.

---

[1] Price argues that this is inadmissible opinion testimony. Because the Court finds a genuine issue of fact despite this testimony, it need not reach this issue.

## CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that the Motion for Summary Judgment filed by the defendant [Doc. No. 9] is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of February, 2008.

                                                    S. MAURICE HICKS, JR.
                                                  UNITED STATES DISTRICT JUDGE