**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

TONY PRICE                                CIVIL ACTION NO. 07-1114

versus                                    JUDGE S. MAURICE HICKS, JR.

WAL-MART STORES INC.                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiff Tony Price's *Motion in Limine* (Record Document 21), which seeks to exclude the lay opinion testimony of Wal-Mart employee Cindy Poellnitz as well as testimony offered by any other lay witness regarding the length of time that the liquid in which Tony Price slipped and fell had been spilled. Based on the following, Plaintiffs' motion is **DENIED**.

**BACKGROUND**

On March 12, 2006, Mr. Price and his wife were in the check-out line at the Wal-Mart store located at 6235 Westport Avenue in Shreveport, Louisiana. As plaintiffs were preparing to check out, Mr. Price allegedly slipped and fell on a dark liquid substance. The substance was a foot or less in diameter. The Prices did not notice anything on the floor prior to the fall. Plaintiffs do not know where the substance came from or know how long the substance had been on the floor. They do not recall any footprints or tracks in the substance on the floor

An Assistant Wal-Mart Manager, Cindy Poellnitz ("Ms. Poellnitz"), received a call that a customer had slipped in the check-out line and responded within a few minutes of the accident. The spot where Mr. Price fell had not yet been cleaned: in the spill which Price pointed to there was only one black mark, which Ms. Poellnitz testified appeared to have

been caused by Mr. Price's shopping cart. No other footprints or track marks or shopping cart wheel tracks appeared in the area. Poellnitz opined in an Affidavit attached to Defendants' *Motion for Summary Judgment* that the appearance of the spill indicated that it could not have been on the floor for more than a couple of minutes prior to the fall because that register is a high-traffic area. See Poellnitz Aff., Record Document 9-4, at ¶¶ 11-12. After the fall, on a shelf near where Price fell, a Wal-Mart employee found a 16 ounce bottle of Coca-Cola that was only two-thirds full.

The Court's subject matter jurisdiction in this case is founded upon diversity of citizenship, and Louisiana law governs the substance of this dispute. Under Louisiana law, "in a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises," the Plaintiff must prove, among other things, that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to [the accident's] occurrence." See LA. REV. STAT. § 9:2800.6(B)(2). The statute defines "constructive notice" to mean that:

> the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Id. § 9:2800.6(C)(1). Although no bright-line rule exists regarding the condition's duration, the Plaintiff must demonstrate "some time period" in order to meet his or her burden of proving constructive notice. Kennedy v. Wal-Mart Stores, Inc., 98-C-1939 (La. 4/13/99), 733 So.2d 1188, 1190-91.

Accordingly, Ms. Poellnitz's testimony is relevant to the question of whether the spill had been on the floor for such an amount of time that Wal-Mart should have known of the spill. Plaintiffs' *Motion in Limine* seeks to exclude all statements to the effect that "there were no track marks from shopping carts around the spill, and thus the spill must have only been there for a couple of minutes before the fall." *Motion in Limine*, Record Document 21, ¶¶ 4, 6.

**LAW AND ANALYSIS**

Federal Rule of Evidence 701, which governs lay opinion testimony, provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In addition, the Fifth Circuit has laid out three prerequisites for the admission of lay opinion testimony:

(1) the witness must have "personal knowledge of the facts from which the opinion . . . derive[s]"; (2) "a 'rational connection' must exist between the opinion and the facts upon which it is based; or put another way, 'the opinion ... must be one that a normal person would form from those perceptions'"; (3) "'the opinion ... must be helpful, either in understanding the testimony or in determining a fact in issue.'" Soden v. Freightliner Corp., 714 F.2d 498, 511 (5th Cir. 1983) (quoting Lubbock Feed Lots Inc. v. Iowa Beef Processors, 630 F.2d 250, 263 (5th Cir. 1980)). Provided these requirements are satisfied, a lay person may "under certain circumstances express an opinion even on matters appropriate for expert testimony." Soden, 714 F.2d at 511 (internal citations omitted).

Ms. Poellnitz has been employed by Wal-Mart for over 17 years, and has worked in store management for over for over seven years. See Poellnitz Dep., Record Document 21-3, 6: 6-21. Ms. Poellnitz's job responsibilities as assistant store manager at Wal-Mart included assuring that the floors were maintained. Id. 8:15-21. Shortly after the accident occurred, Ms. Poellnitz went to observe the spot where Mr. Price fell, where she noticed a small spot on the floor that looked like Coke. Id. 23:19-22. Ms. Poellnitz did not perceive any track marks in the spill, which suggested to her that it "had not been run through with buggies" or "tracked by customers." Id. 47: 6-14. Although the check-out lane in which Mr. Price fell is a high-traffic lane, no footprints appeared in the spill, only a black mark. Id. 47: 6-14; 48: 2-9; 52: 15-19; 54: 12-18). Drawing upon these perceptions, Ms. Poellnitz concluded that the spill had not been there "for any length of time whatsoever." Id. 47: 22-25; 48: 1).

Each of the elements laid out in Rule 701 and the Soden opinion is satisfied with respect to Ms. Poellnitz's proposed testimony. Ms. Poellnitz's proposed testimony is based on personal knowledge of facts she observed while performing her duties as an assistant store manager at Wal-Mart. Second, Ms. Poellnitz's opinion regarding the duration of time the spill had been on the floor is a rational and normal conclusion based on her own perceptions and experience gained through years of experience working in Wal-Mart's stores. Third, Ms. Poellnitz's testimony should help jurors in estimating the length of time that the spill had been on the floor, which in turn will aid the jury in determining whether Wal-Mart had constructive notice of the spill. As explained above, constructive notice is an important element of Plaintiffs' case. Finally, Ms. Poellnitz's opinion is not based upon scientific, technical, or other specialized knowledge within the scope of Rule 702.

As noted earlier, Plaintiff seeks to categorically exclude the testimony of other witnesses who may have observed the spill. The Court does not pass judgment at this juncture on the admissibility of opinion testimony regarding the spill offered by any witness other than Ms. Poellnitz.

**CONCLUSION**

For the reasons detailed above, Plaintiff's *Motion in Limine* (Record Document 21) is hereby **DENIED** to the extent it seeks to exclude the testimony of Ms. Cindy Poellnitz regarding the duration of the spill. The motion is **DENIED without prejudice** to the extent it seeks to exclude the testimony of any witness other than Ms. Poellnitz.

Thus done and signed, in Shreveport, Louisiana, this the 26th day of January, 2009.

*[Signature]*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE